IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON, | 1:08-cv-01906 DLB (PC) |
| Plaintiff, | ORDER DISCHARGING ORDER TO SHOW CAUSE |
| vs. | (Docs. 11, 12) |
| JAMES TILTON, et al., | |
| Defendants. | ORDER TRANSFERRING CASE TO THE CENTRAL DISTRICT OF CALIFORNIA |

     Plaintiff Garrison S. Johnson ("Plaintiff"), a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.

     On April 3, 2009, the Court issued an order to show why the Court should not dismiss this action pursuant to 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust administrative remedies. (Doc. 11.)  On April 13, 2009, Plaintiff filed a response to the Court's order.  (Doc. 12.) Accordingly, it is HEREBY ORDERED that the Court's order to show cause, filed on April 3, 2009, is DISCHARGED.

     The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in

1 | which the action may otherwise be brought." 28 U.S.C. § 1391(b).

2 |     In this case, the cause of action arises from an alleged breach of a settlement agreement reached between Plaintiff and Defendants James Gomez and James Rowland in their individual capacities and Roderick Q. Hickman in his official capacity as Secretary of the California Department of Corrections and Rehabilitation. (Doc. 12, p. 4, Settlement and Release Agreement, ¶ 2.) The settlement agreement arose from a complaint filed by Plaintiff in the Central District of California. (Id., pp. 5-6.) Therefore, Plaintiff's claim here should have been filed in the United States District Court for the Central District of California. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

    Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Central District of California.

    IT IS SO ORDERED.

Dated: **April 22, 2009**        /s/ **Dennis L. Beck**
                                               UNITED STATES MAGISTRATE JUDGE